H. B. BUNDY AND R. F. PARKER, EX'RS, v. TOWN OF WOLCOTT.

*Taxation. Personal List. R. L: s. 331. Town Clerk.*

When the personal list, required by sec. 331, R. L., to be arranged in alphabetical order and lodged in the town clerk's office on or before the 25th day of April for the inspection of taxpayers, is neither signed nor certified by the listers, and no minute is made by the town clerk of the time when it was thus lodged, it is invalid; and taxes paid under protest are recoverable although one of the plaintiffs saw and examined the list on April 25th.

ASSUMPSIT brought by the plaintiffs, the executors of P. S. Benjamin's will. Trial by jury, December Term, 1886, POWERS, J., presiding. The court ruled that the list was not such as the law required, and that the plaintiffs were entitled to recover the amount of the town tax and interest, but not in this action the amount of the state and state school and highway taxes, and directed the jury to return a verdict for $297.27 for the plaintiffs.

*P. K. Gleed*, for the plaintiffs.

*Hendee & Fisk*, for the defendant.

The opinion of the court was delivered by

ROYCE, Ch. J. This was an action brought to recover of the town certain taxes that had been paid under protest. It was claimed that the taxes were illegally assessed.

It appeared that the personal list of all taxpayers, that the listers under sec. 331 R. L., were required to arrange in alpha-

betical order and lodge in the town clerk's office on or before the 25th day of April in each year for the inspection of taxpayers, was in no way certified or signed by the listers, and there was no minute or record of the time when the same was lodged, made by the town clerk.

The Supreme Court at the last General Term in the cases of *Smith* v. *Hard* and *Bartlett.* v. *Wilson* [*ante*, 13, 23] considered the construction to be given to that section; and after full argument decided that " such abstract being a judicial determination of the amount of each taxpayer's personal estate liable to taxation, and being lodged in the town clerk's office as the basis of complaint by taxpayers dissatisfied, that it should be verified and authenticated by the listers in such unmistakeable manner as to carry on its face fair evidence of its · character. That it should be signed by the listers and certified as the personal list of taxpayers for the current year, or bear otherwise equivalent evidence of authenticity."

That holding is alone sufficient to show that the list, upon which the taxes were assessed, that are sought to be recovered back, was invalid, and establishes the plaintiff's right of recovery, unless the fact that one of the plaintiffs saw and examined the paper, which was lodged in the town clerk's office on the 25th day of April, discharged the town from liability.

As we have seen that paper was not such an one as the listers were required to make; there was nothing upon it to indicate that it was the official work of the listers, or that it was even made by them. The legal rights of the plaintiffs were in no way affected by the information they thus obtained. They were entitled to an inspection of such a list as the law required the listers to make in order that they might act understandingly and regulate their future conduct accordingly.

The objection·we have considered being fatal to the list, we have not considered the others.

The plaintiffs have not claimed in this court that they were entitled to recover any more than they recovered in the County Court, and therefore the judgment is affirmed.